# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04CR117-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| WILLIAM CLINTON CLONTZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed on May 18, 2005 alleging that the defendant had violated terms and conditions of his pretrial release and an addendum to violation report filed on July 13, 2005 which also alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Kyle King, and that the Government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted that he had violated the terms and conditions of his pretrial release in that he admitted that he had, on March 29, 2005, submitted to an urinalysis with results testing positive for marijuana. Based upon the defendant's admission, the Government dismissed allegations two and three of the violation report and allegation number four of the addendum to violation report.

The defendant was charged, in a Bill of Indictment filed December 6, 2004, with one (1)

count of conspiracy to manufacture and possess with intent to distribute methamphetamine. A hearing was held in regard to detention of the defendant on December 17, 2004. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

    (1)    That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On March 29, 2005, the defendant submitted to an urinalysis drug test which tested positive for use of marijuana .

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed marijuana so that he could consume that substance. That possession violated both federal and state law. It is a misdemeanor under state law to use or consume marijuana, N.C.G.S. § 90-95(a)(3). It is a misdemeanor under federal law to use or consume marijuana, 21 U.S.C. § 844.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant has violated the term and condition that states that he shall not commit any offense in violation of federal, state or local law while on release in regard to this case. The possession and consumption of marijuana are violations of federal and state law. The defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has violated this condition by possessing and using marijuana which is not lawfully prescribed by any licensed medical practitioner.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is Ordered that the defendant be detained pending sentencing and further proceedings in this matter.  It is further Ordered that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal and that the defendant be afforded  reasonable opportunity for a private consultation with counsel.

**Signed: August 5, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge